UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DENISE BAILEY ET AL.**            **CIVIL ACTION**

**VERSUS**            **NO: 12-2795**

**NEWELL NORMAND ET AL.**            **SECTION: "H"(2)**

### ORDER AND REASONS

Before the Court is Defendant's Motion for Attorney's Fees and Costs (R. Doc. 94). For the following reasons, the Motion is DENIED.

### BACKGROUND

In this action, Plaintiffs, appearing both individually and on behalf of their deceased mother Willie Nell Bullock, alleged that on November 16, 2011, the Gretna Police Department and Special Response Team (SRT) executed a search warrant at Bullock's home. Plaintiffs alleged that during the execution of the warrant, officers kicked Bullock, causing her to fall, strike the concrete, and suffer injuries to the mouth and abdomen. At the time, Bullock was 65 years

1

old, suffering from stage four cancer, and recovering from surgery on her abdomen. Plaintiffs alleged that these injuries resulted in a delay of chemotherapy treatment, which contributed to Bullock's death. Plaintiffs brought claims of excessive force under 42 U.S.C. § 1983, assault, battery, false imprisonment, and false arrest against three Gretna police officers, Scott Vinson, James Price, and Russell Lloyd. In addition, they asserted claims of vicarious and supervisory liability under section 1983 and allegations of negligent hiring, supervision, and training against Chief of Police Arthur Lawson Jr. and Scott Vinson, in his capacity as Lieutenant Commander of the SRT.

On October 10, 2014, this Court granted summary judgment to the defendants, holding that Defendants were entitled to qualified immunity. Through the course of discovery in this matter, Plaintiffs learned that many of the allegations stated in their Complaint were false. Indeed, in their Opposition to Defendant's Motion for Summary Judgment, Plaintiffs acknowledged that the officers named in the Complaint were no longer the officers they believed had assaulted Bullock. Plaintiffs were, however, denied leave to amend their Complaint at that stage in the litigation in order to add the newly discovered officers.[1] Plaintiffs conceded that the officers named in the Complaint were not responsible for the injuries allegedly sustained by Bullock.

Further, Plaintiffs failed to support their allegations that the Gretna Police Department did not adequately train, discipline, or supervise their officers when (1) they did not keep a record of complaints made against officers, (2) no

---

[1] R. Doc. 76.

2

officers were disciplined in connection with this incident, and (3) the number of officers used in the execution of this search warrant was excessive. Plaintiffs did not indicate how these actions violated Bullock's constitutional rights, nor how they were causally connected to the incident at issue in this case. Plaintiffs also failed to show any prior incidents in which these policies lead to constitutional violations.

After this Court granted summary judgment in its favor, Defendants moved for attorney's fees and costs on the ground that Plaintiffs' claims were frivolous.

## LEGAL STANDARD

Pursuant to 42 U.S.C. § 1988, a court may, in its discretion, award attorney's fees to the prevailing party in a section 1983 action. "A prevailing defendant [in a section 1983 action] is entitled to fees only when a plaintiff's underlying claim is frivolous, unreasonable, or groundless."[2] "[A] court must ask whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful."[3] "To determine whether a claim is frivolous or groundless, [the Fifth Circuit has] stated that courts may examine factors such as: (1) whether the plaintiff established a prima facie case; (2) whether the defendant offered to settle; and (3) whether the court dismissed the case or held a full trial."[4] If a suit involves

---

[2] *Myers v. City of W. Monroe*, 211 F.3d 289, 292 (5th Cir. 2000).

[3] *Offord v. Parker*, 456 F. App'x 472, 474 (5th Cir. 2012).

[4] *Doe v. Silsbee Indep. Sch. Dist.*, 440 F. App'x 421, 425 (5th Cir. 2011).

both frivolous and non-frivolous claims, a court may grant reasonable fees to the prevailing defendant only for costs that the defendant would not have incurred but for the frivolous claims.[5]  Accordingly, a court must assess the frivolity of each claim individually.[6]

## LAW AND ANALYSIS

### A. Assault, Battery and Section 1983 Excessive Force Claims

Defendants argue that they should be awarded attorney's fees in this matter because Plaintiffs' claims of excessive force, assault, and battery lacked foundation in law or fact.  Specifically, Defendants point to the fact that none of Plaintiffs' witnesses actually saw an officer strike Bullock, that the officers sued were ultimately revealed to have never entered Bullock's home, and that Bullock's statements regarding the incident were inconsistent.

Plaintiffs argue that their case, although unsuccessful, was not frivolous. Plaintiffs state that their failure to prove many of the allegations in the Complaint or name the correct officers from the outset was due to Bullock's death shortly before the case was filed.  Because Bullock was no longer available to testify and because she was the only person inside the house at the time of the incident, Plaintiffs had no non-law enforcement witnesses to verify her claims. As proof of their claims, Plaintiffs point to the record of Bullock's visit to the hospital shortly after the search of her home.  The record indicates that Bullock

---

[5] *Fox v. Vice*, 131 S. Ct. 2205, 2215 (2011).

[6] *See Greco v. Velvet Cactus, LLC*, No. 13-3514, 2014 WL 6684913, at *2 (E.D. La. Nov. 25, 2014).

was treated for abdominal bruising and had a swollen and lacerated lip.[7] It also indicates that Bullock told hospital personnel that her injuries were a result of being thrown to the ground by a Gretna police officer in her home earlier that day.[8]

In determining whether a claim is frivolous, the Supreme Court has urged that:

> [I]t is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. . . . No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial."[9]

This Court holds that while Plaintiffs had a difficult time proving the allegations of their Complaint, there is sufficient evidence in the record to establish that their claims were not groundless or lacking in factual support. The record reveals that Bullock sustained an injury on the day of the search, which she stated was caused by an officer during the search of her home.[10] "Thus, this is

---

[7] R. Doc. 97-13.

[8] R. Doc. 97-13.

[9] *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 421–22 (1978).

[10] *Dudley v. Johnson*, 99 F.3d 1134 (5th Cir. 1996) ("Having carefully reviewed the record, we conclude that Dudley's civil rights claim, while weak, was not without arguable legal merit or factual support. The record reflects that Dudley was forcibly restrained by Johnson and that she possibly suffered injury as a result. Accordingly, we conclude that the district court did not abuse its discretion in denying Defendants' request for attorney's fees.").

not a case where plaintiff[s'] claims were manufactured out of whole cloth."[11] Plaintiffs' difficulty in identifying the responsible officers does not render their claims groundless; these decisive facts merely did not emerge until Plaintiffs were allowed discovery.[12] It is possible that Plaintiffs would have established a prima facie case of excessive force had they been able to identify the responsible officers from the outset.

## B. False Imprisonment/False Arrest

Defendants next allege that Plaintiffs' allegations of false arrest and false imprisonment were frivolous because Bullock was never arrested. Plaintiffs did not dispute that Bullock was never arrested. Instead, they alleged that Bullock was constructively imprisoned in a chair outside of her home during the execution of the search warrant. The record includes an interview with Bullock by the Internal Affairs Division of the Greta Police Department in which she stated that she was not allowed to reenter her home, nor were her children allowed to approach her to check on her condition during the search. To establish a prima facie case of false imprisonment, Plaintiffs need only have shown (1) detention of the person and (2) the unlawfulness of the detention.[13] Formal arrest by a police officer is not a requirement of a false imprisonment

---

[11] *Greco*, 2014 WL 6684913, at *3.

[12] *See Christiansburg*, 434 U.S. at 421–22.

[13] *Kennedy v. Sheriff of E. Baton Rouge*, 935 So. 2d 669, 690 (La. 2006).

6

claim.[14] Accordingly, Plaintiffs' claim that Bullock was falsely imprisoned is not lacking a basis in law or fact.

## C. Section 1983 Vicarious Liability

Defendants next point out that Plaintiffs' Complaint expressly alleges that Defendant Police Chief Arthur Lawson, Jr. was vicariously liable for the actions of the officers accused of using excessive force against Bullock. It is well settled that "[u]nder section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability."[15] Accordingly, this allegation had no basis in law and was frivolous.

Despite this finding, the Court declines to award attorney's fees pursuant to section 1988 that would not have been incurred but for Plaintiffs' allegations of vicarious liability. While such a claim was frivolous, the factual allegations underpinning this case are not. Plaintiffs should not be penalized for the decision of their attorneys to include a legally baseless allegation in the Complaint.[16] "Those issues . . . should be addressed [if at all] in [a] Motion[] for Sanctions whether under Fed R. Civ. P. 11 or 28 U.S.C. § 1927."[17]

---

[14] *See, e.g., Noel v. Jack Eckerd Corp.*, 594 So. 2d 1138, 1138 (La. Ct. App. 1992) (discussing plaintiff's claim alleging the defendant's employees detained him for over one hour when they suspected him of shoplifting).

[15] *Hobart v. Estrada*, No. 13-20022, 2014 WL 4564878 (5th Cir. Sept. 16, 2014).

[16] *See Broussard v. Lafayette Consol. Gov't*, No. 13-CV-2872, 2015 WL 745671, at *4 (W.D. La. Feb. 20, 2015) ("[T]he Court found that Plaintiff's legitimate factual allegations were construed by her attorneys into legal claims found to be frivolous, groundless and unreasonable. Section 1988 does not authorize the award of attorney's fees against a plaintiff's attorney. In the instant case, it would be unfair to penalize Plaintiff for the decisions of her attorneys, and the undersigned declines to do so.").

[17] *Id.*

## D. Section 1983 Supervisory Liability and Negligent Hiring, Supervision, and Training

Next, Defendants argue that Plaintiffs' allegations of negligent training, supervision, and hiring were frivolous because none of the Plaintiffs testified to any knowledge of a policy or custom that caused a constitutional violation. While this may be true, that fact alone does not render Plaintiffs' claims frivolous. Indeed, Plaintiffs supported their allegations with expert testimony. Their expert testified that the Gretna Police Department does not adequately train, discipline, or supervise their officers because (1) they do not keep a record of complaints made against officers, (2) no officers were disciplined in connection with this incident, and (3) the decision to use as many SRT officers as were available in executing the search warrant was likely to lead to constitutional violations because of safety concerns. The fact that these allegations did not rise to the level of a constitutional violation does not make them groundless or frivolous. Indeed, Defendants have not offered any evidence that the facts on which Plaintiffs placed these allegations are false. Accordingly, this Court declines to award attorney's fees to Defendants on the basis of this claim.

Having discussed the merit of Plaintiffs' claims above, this Court now considers the final two factors set forth by the Fifth Circuit in considering the frivolity of a claim: (1) whether the defendant offered to settle and (2) whether the court dismissed the case or held a full trial.[18] First, neither side has indicated whether there was ever an offer to settle, but the parties attended a

---

[18] *Doe*, 440 F. App'x at 425.

8

settlement conference before the magistrate judge prior to the dismissal of this case. Finally, this case was dismissed on summary judgment prior to trial. This Court notes, however, that the parties engaged in a significant amount of discovery over the nearly two year pendency of this suit.[19] While this Court has taken these factors into consideration, they are merely guideposts.[20] "Determinations regarding frivolity are to be made on a case-by-case basis."[21] As such, these factors do not convince this Court that attorney's fees are justified in this case.

In support of this holding, the Court notes the policy behind 42 U.S.C. § 1988. "The primary purpose of § 1988 is to encourage private enforcement of the civil rights statutes, while at the same time protecting defendants from burdensome litigation having no legal or factual basis."[22] "[A]n award of attorney's fees to a prevailing defendant under § 1988 is 'presumptively unavailable'" unless the defendant proves the plaintiff's claim was "frivolous, unreasonable, or groundless."[23] The Fifth Circuit has "affirmed awards of attorney's fees where the plaintiff's civil rights claim lacks a basis in fact or relies on an undisputably meritless legal theory."[24] This Court holds that this is not such a case. While it has no trouble acknowledging that the incident and

---

[19] *See* R. Doc. 26 (stating that defendants had completed 12 depositions and produced more than 5,000 documents but further discovery was needed).

[20] *Doe*, 440 F. App'x at 424.

[21] *Id.* at 425.

[22] *Id.*

[23] *Id.*

[24] *Id.*

9

injuries alleged in Plaintiffs' Complaint may have been exaggerated, this Court cannot say that Plaintiffs' claims lacked a basis in fact. Plaintiffs' claims were based on the documented statements of their deceased mother. It is undisputed that Bullock sought medical care within hours of the search of her home and that she believed that members of the Gretna Police Department were to blame for her injuries. This Court will not penalize Plaintiffs for seeking to vindicate their deceased mother's rights. As such, this Court declines to award attorney's fees in this matter.

## CONCLUSION

For the foregoing reasons, Defendants' Motion is DENIED.

New Orleans, Louisiana, this 18th day of March, 2015.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**